

SK / JBR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 21-00139- |
| | * | USAO NO. 20R00051 |
| v. | * | |
| | * | VIOLATIONS: 21 USC § 846 |
| DAMARIO KENTEL KING, | * | 21 USC § 841(a)(1) |
| SHERMAN SHERMAINE KING, | * | 18 USC § 1956(h) |
| MICHAEL VAN TROTTER, | * | |
| TARUN TIWANA, | * | **Filed Under Seal** |
| NAVJIT BHULLAR, | * | |
| JESSICA JAQUANDRA KING, | * | |
| RENESHIA SHANAY SPENCER, | * | |
| CALVIN JEROME DAVIDSON, | * | |
| JALEEL MALIK KELLEY, | * | |
| RAQUEL LETITIA LACY, | * | |
| MOHAMMED ZOHAIR ADI, and | * | |
| NOEL ARIKE | * | |

FILED IN OPEN COURT

JUL 29 2021

CHARLES R. DIARD, JR.
CLERK

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### Conspiracy to Distribute Marijuana
### Title 21, United States Code, Section 846

1.      From in or about January 2018, and continuing through in or about May 2021, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**DAMARIO KENTEL KING,
SHERMAN SHERMAINE KING,
MICHAEL VAN TROTTER,
TARUN TIWANA,
NAVJIT BHULLAR,
JESSICA JAQUANDRA KING,
RENESHIA SHANAY SPENCER, and
CALVIN JEROME DAVIDSON,**

knowingly and intentionally conspired with other persons, both known and unknown to the Grand

1

**SEALED**

Jury, to knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, to-wit: approximately 1,000 kilograms of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

2. The amount of marijuana charged is more than 100 kilograms; therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B) apply.

## COUNT TWO
### Possession with Intent to Distribute
### Title 21, United States Code, Section 841(a)(1)

3. On or about September 24, 2020, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**DAMARIO KENTEL KING,**
**SHERMAN SHERMAINE KING, and**
**MICHAEL VAN TROTTER,**

knowingly and intentionally possessed with intent to distribute a Schedule I controlled substance, to-wit: approximately 57 kilograms of marijuana.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
### Conspiracy to Commit Money Laundering
### Title 18, United States Code, Section 1956(h)

4. The allegations in paragraphs 1–3 of this Indictment are realleged for Count Three as though fully set forth therein.

SEALED

## THE CONSPIRACY AND ITS OBJECTS

5. From in or about January 2018, and continuing through in or about May 2021, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**DAMARIO KENTEL KING,**
**SHERMAN SHERMAINE KING,**
**MICHAEL VAN TROTTER,**
**TARUN TIWANA,**
**NAVJIT BHULLAR,**
**JESSICA JAQUANDRA KING,**
**JALEEL MALIK KELLEY,**
**RAQUEL LETITIA LACY,**
**MOHAMMED ZOHAIR ADI, and**
**NOEL ARIKE,**

knowingly combined, conspired, and agreed with one another and with persons both known and unknown to the Grand Jury to commit offenses against the United States, namely, money laundering in violation of Title 18, United States Code, Sections 1956 and 1957, to-wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity ("SUA"), that is, conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the SUA, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of a SUA, that is, conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846,

SEALED

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of SUA proceeds, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of a SUA, that is, conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under state law and Federal law, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(d) to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, United States currency, such property having been derived from an SUA, that is, conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846, in violation of Title 18, United States Code, Section 1957.

6.     The defendants conspired to commit money laundering to achieve personal financial gain. To generate SUA proceeds for the conspiracy, the defendants participated in and facilitated the transportation of marijuana from California and elsewhere to the Southern District of Alabama and the distribution of this marijuana within the Southern District of Alabama and

SEALED

elsewhere for financial profit. As part of the conspiracy, the defendants conducted financial transactions involving SUA proceeds. These transactions included: structuring cash transactions to avoid currency reporting requirements; purchasing and redeeming casino chips with SUA proceeds; depositing SUA proceeds into California-based bank accounts; depositing SUA proceeds in the Southern District of Alabama shortly before flying to California and quickly withdrawing those proceeds in cash in California upon arrival there; depositing marijuana-scented cash at financial institutions and receiving fresh currency in exchange; purchasing airfare for couriers to transport marijuana in suitcases and bags; purchasing negotiable instruments in and around the Southern District of Alabama payable to persons in California; paying property mortgages in California; opening and closing bank accounts to help conceal and disguise SUA proceeds; and transferring SUA proceeds to and through corporate entities.

## MANNER AND MEANS OF THE CONSPIRACY

7. The manner and means used to accomplish the objectives of the money laundering conspiracy included, among others, the following monetary transactions within the United States:

| Date (on or about) | Monetary transaction (approximate amounts) |
| --- | --- |
| July 31, 2018 | **SHERMAN SHERMAINE KING** deposited a money order worth $680 into his Wells Fargo bank account x-2673. |
| November 6, 2018 | **NAVJIT BHULLAR** wired $37,000 from his Regions Bank account x-4521 to Old Republic Title. |
| November 13, 2018 | **JESSICA JAQUANDRA KING** deposited $9,050 in cash into her Wells Fargo bank account x-0943. |

SEALED

| Date (on or about) | Monetary transaction (approximate amounts) |
|---|---|
| November 13, 2018 | SHERMAN SHERMAINE KING deposited $9,020 in cash into his Wells Fargo bank account x-2673. |
| November 26, 2018 | SHERMAN SHERMAINE KING used debit card x-8263 to purchase a flight for $523.80 on United Airlines for JESSICA JAQUANDRA KING. |
| February 13, 2019 | TARUN TIWANA used his Regions Bank account x-7635 to purchase nine money orders each worth $1,000 and made payable to NAVJIT BHULLAR. |
| February 14, 2019 | NAVJIT BHULLAR deposited $9,000 into his Golden 1 Credit Union account x-3844. |
| April 3, 2019 | MICHAEL VAN TROTTER deposited $9,600 in cash into his Wells Fargo bank account x-5073. |
| May 1, 2019 | TARUN TIWANA issued check #177 in the amount of $6,000 from his Wells Fargo bank account x-7635 to Homebridge Financial Services. |
| June 10, 2019 | DAMARIO KENTEL KING withdrew $805 in cash from his Regions Bank account x-7511. |
| July 19, 2019 | JALEEL MALIK KELLEY deposited $9,000 in cash into his Wells Fargo bank account x-1449. |
| September 25, 2019 | DAMARIO KENTEL KING purchased a Wells Fargo cashier's check worth $5,000 and made payable to JALEEL MALIK KELLEY. |

SEALED

| Date (on or about) | Monetary transaction (approximate amounts) |
|---|---|
| September 26, 2019 | JALEEL MALIK KELLEY withdrew $5,000 from his Wells Fargo account x-1449. |
| October 22, 2019 | DAMARIO KENTEL KING purchased a Wells Fargo cashier's check worth $9,000 and made payable to Investors, Inc. |
| October 22, 2019 | RAQUEL LETITIA LACY purchased a Wells Fargo cashier's check worth $9,000 and made payable to Investors, Inc. |
| October 22, 2019 | MOHAMMED ZOHAIR ADI issued check #1003 in the amount of $20,000 from his Wells Fargo bank account x-9262 and made payable to Investors, Inc. |
| November 1, 2019 | NOEL ARIKE purchased eighteen Regions Bank money orders, each worth $1,000, with cash. |

In violation of Title 18, United States Code, Section 1956(h).

### FORFEITURE NOTICE
### Title 18, United States Code, Section 982(a)(1) and
### Title 21, United States Code, Section 853

8.     The allegations in Paragraphs 1–7 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

9.     Upon conviction of the offenses set forth in Counts One and Two of this Indictment, the defendants named in Counts One and Two shall forfeit to the United States of America,

SEALED

pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

10. Upon conviction of the offense set forth in Count Three of this Indictment, the defendants named in Count Three shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

11. The property to be forfeited includes, but is not limited to, the following:

   a. a 2019 Mercedes Benz G63, white in color, with vehicle identification number WDCYC7HJ2KX310574;

   b. the real property located at 3131 Morse Avenue, Sacramento, California 95821;

   c. the real property located at 2891 Rubicon Way, Sacramento, California 95821;

   d. the real property located at 1220 Martin Luther King Jr. Way, Merced, California 95341, which consists of a vacant lot;

   e. the real property located at 2300-2310 Wyda Way, Sacramento, California 95825; and

   f. the real property located at 7100 Chaparral Drive, Shingle Springs, California 95682.

12. If any of the forfeitable property, because of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially

SEALED

diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

SINAN KALAYOGLU
Assistant United States Attorney

J. BISHOP RAVENEL
Assistant United States Attorney

SEAN P. COSTELLO
Chief, Criminal Division           JULY 2021

SEALED